# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

Ryan Reid (#M-01684),  )
)
        Plaintiff,  )
)     Case No. 18 C 50248
       v.  )
)     Judge Frederick J. Kapala
John Varga, et al.,  )
)
       Defendants.  )

## ORDER

Plaintiff may proceed consistent with this order. The Court directs the Clerk of Court to (1) file Plaintiff's complaint [1]; (2) issue summonses for service of the complaint on Defendants Spencer and Domingues by the U.S. Marshal; (3) terminate all remaining defendants; and (4) send Plaintiff two blank USM-285 (Marshals service) forms, a magistrate judge consent form, filing instructions, and a copy of this order. Plaintiff must complete and return a USM-285 form for service on each Defendant. Failure to return the USM-285 forms by September 7, 2018, may result in dismissal of the unserved Defendants, as well as dismissal of this case in its entirety. Plaintiff also must promptly submit a change-of-address notification if he is transferred to another facility or released. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal for failure to comply with a Court order and for failure to prosecute. Plaintiff's motion for service of process at government expense [5] is granted. The Court appoints the U.S. Marshal to serve Defendants. Plaintiff's motion for attorney representation [4] is denied without prejudice to renewal later in this case.

## STATEMENT

Plaintiff Ryan Reid, an Illinois prisoner, brings this *pro se* civil rights action under 42 U.S.C. § 1983 concerning medical treatment he received at the Dixon Correctional Center. Plaintiff paid the Court's filing fee in full, but because he is proceeding *pro se* and was incarcerated at the time he filed this lawsuit, his complaint is subject to screening under 28 U.S.C. 1915A. *See Jones v. Bock,* 549 U.S. 199, 214 (2007) (explaining that court must screen *pro se* prisoners' complaints and dismiss the complaint, or any claim therein, if the complaint or claim is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (same).

Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl.*

*Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges that he injured his left wrist and elbow in the prison's recreation yard on July 30, 2016. (Dkt. 1, pg. 5.) A yard supervisor sent Plaintiff to the healthcare unit, where he was examined by Nurse Spencer. (*Id.*) Plaintiff told Spencer that he "heard a 'popping noise'" when the injury occurred, and was in extreme pain with limited mobility." (*Id.*) Plaintiff also says that he had "swelling . . . in [his] wrist and arm." (*Id.*, pg. 7.) Spencer told Plaintiff that "it was just a minor sprain," gave Plaintiff aspirin, and told Plaintiff to put ice on his wrist and elbow. (*Id.*) Spencer also allegedly denied Plaintiff's requests to see a physician and for x-rays. (*Id.*) On August 5, 2016, Plaintiff returned to the healthcare unit complaining of pain in his hand despite taking aspirin and icing the area. (*Id.*, pg. 5.) Dr. Domingues examined Plaintiff and ordered x-rays. (*Id.*) Plaintiff, however, did not receive an x-ray until August 9, 2016, and his injury—a fractured "triquetrum"[1]—was not diagnosed and casted until August 12, 2016. (*Id.*) Plaintiff names Warden Vargas, Wexford Health Sources, Inc., Nurse Spencer, and Dr. Domingues as defendants to this action. (*Id.*, pg. 1.)

Accepting Plaintiff's allegations as true, the Court finds that the complaint arguably states a deliberate indifference claim against Nurse Spencer and Dr. Domingues. "Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Prison officials may show deliberate indifference to a serious medical need through inaction, *Gayton v. McCoy*, 593 F.3d 610, 623-24 (7th Cir. 2010); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009), or by persisting with inappropriate treatment, *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011). Prison officials might also show deliberate indifference by delaying necessary treatment and thus aggravating an injury or needlessly prolonging an inmate's pain. *Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012). Assuming for screening purposes that Plaintiff's injury is sufficient to support a deliberate indifference claim, the circumstances surrounding the care he received for his broken wrist warrant further development. *See, e.g., Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008) (concluding that one-and-a-half-day delay in treating broken nose could rise to deliberate indifference); *Edwards v. Snyder*, 378 F.3d 827, 830-31 (7th Cir. 2007) (concluding that two-day delay in treating painfully dislocated finger could rise to deliberate indifference). Spencer and Domingues therefore must respond to Plaintiff's complaint.

---

[1]The triquetrum is a small bone located in the wrist. Sportsinjuryclinic, Triquetrum Fracture, http://www.sportsinjuryclinic.net/sport-injuries/wrist-pain/acute-wrist-injuries/triquetrum-fracture (last visited Aug. 3, 2018).

All remaining defendants are dismissed. To be held liable under section 1983, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). There is no *respondeat superior* liability under section 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Supervisors can only be held responsible for the constitutional violations of their subordinates if the violation occurred at the supervisor's direction or with his or her knowledge and consent. *See Hildebrandt v. Ill. Dep't of Nat. Res.,* 347 F.3d 1014, 1039 (7th Cir. 2003). Thus, for example, Warden Varga cannot be held liable under section 1983 merely because he oversees operations at Dixon. Similarly, Plaintiff's bald conclusion that Wexford's policies or customs (or its employees' failure to follow policy) contributed to his injury is insufficient to proceed against Wexford. *See Iqbal*, 556 U.S. at 678 (explaining that a complaint does not state a claim if composed only of "naked assertions devoid of further factual enhancement") (internal quotation marks and edits omitted). Consequently, Varga and Wexford are dismissed without prejudice.

The Court directs the Clerk of Court to issue summonses for service of the complaint on Defendants Spencer and Domingues. The Court directs the Clerk to mail Plaintiff two blank USM-285 (Marshals service) forms. The Court advises Plaintiff that a completed USM-285 form is required for service on each Defendant. The Marshal will not attempt to serve Defendants unless and until the required forms are received. Plaintiff must therefore complete and return a service form for Defendant, and failure to do so may result in dismissal of the unserved Defendant, as well as dismissal of this case in its entirety.

The Court appoints the U.S. Marshals Service to serve Defendants. The Court directs the Marshal to make all reasonable efforts to serve Defendants. With respect to any former employee of the State of Illinois or Wexford Health Sources, Inc., who can no longer be found at the work address provided by Plaintiff, the State and/or Wexford officials must furnish the Marshal with the Defendant's last-known address. The Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the Marshals Service. Address information will not be maintained in the Court file nor disclosed by the Marshal, except as necessary to serve Defendant. The Court authorizes the Marshal to send a request for waiver of service consistent with Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document submitted by Plaintiff must include a certificate of service indicating the date on which Plaintiff gave the document to prison authorities for mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Plaintiff is advised that he must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action for failure to comply with a Court order and for want of prosecution.

Plaintiff's motion for attorney representation is denied. "There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir.

2014), but the Court may request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In deciding whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to retain counsel on his own or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does the plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). The analysis does not focus solely on the plaintiff's ability to try the case, but takes into consideration his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); (2) plaintiff's submissions to date, *Olson*, 750 F.3d at 712; (3) plaintiff's medical and mental health issues, *id.*; (4) whether plaintiff has been transferred to a different facility, *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013); (5) plaintiff's intelligence, literacy, education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; and (6) the complexity of the case, *id.* at 655-56.

After considering the above factors, the Court concludes that solicitation of counsel is not currently warranted. Although Plaintiff's efforts to retain counsel have been unsuccessful, his motion for attorney representation reflects that he has attended some college, and the documents he submitted to initiate this action were typed, articulate, and well-organized. He seems to have the ability to perform legal research, *see* Dkt. 1, 7-8, and to present the facts of his case in a manner that clears the low hurdle required of *pro se* litigants. In addition, the case—which concerns an inquiry into the reasoning behind the treatment decisions made by healthcare professionals for a discreet injury over a short period of time—does not involve particularly complex issues and, in fact, *pro se* litigants frequently prosecute claims similar to Plaintiff's claim without the assistance of counsel. Accordingly, Plaintiff's motion for attorney representation is denied without prejudice to renewal should this case progress to the point where assistance of counsel becomes necessary.

Date:  August 7, 2018